UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICK GEOVANNI MEMBRENO-SANTOS, | Civil Action No. 16-1146 (MCA) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**ARLEO, United States District Judge:**

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner Erick Geovanni-Membreno-Santos' filing of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). For the reasons expressed in this Opinion, the Petition is denied without prejudice at this time.

## II. FACTUAL BACKGROUND

Petitioner's Petition was docketed with this Court on February 29, 2016. (ECF No. 1.) Petitioner states in his Petition that he has been detained without a bond hearing by Immigration and Customs Enforcement ("ICE") since July 27, 2015. (*Id.*, Pet. at ¶ 2.) On April 7, 2016, this Court ordered Respondent to file an Answer to the habeas petition. (ECF No. 2.) On June 3, 2016, United States Attorney (AUSA) Christopher D. Amore filed a letter response to the Petition with attachments. (ECF No. 5.)

1

The letter response sets out the following facts.[1] Petitioner, a native and citizen of El Salvador, arrived in the United States at or near Hidalgo, Texas on or about July 26, 2015. (ECF No. 5-1, Copy of IJ's Decision, attached as Exhibit A, at 3; *see also* ECF No. 1, Pet. at 6.) Petitioner entered without inspection. (*See id.*) Petitioner was taken into ICE custody on July 27, 2015. (*See* Pet. at 6.) Petitioner was placed in removal proceedings after the DHS issued a Notice to Appear ("NTA") on August 25, 2015. (*See* IJ's Decision at 3; *see also* Pet. at 6.) He was charged as removable pursuant to INA § 212(a)(7)(A)(i)(I) for entering the United States without "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA]." (*See* Pet. at 6.) After admitting the allegations in the issued NTA, Petitioner stated that he would seek relief and protection through Asylum, Withholding of Removal and Convention Against Torture. (*See* IJ's Decision at 3.)

Petitioner then requested a bond hearing to redetermine the original decision by DHS to detain him without bond. (*See id.*) On November 18, 2015, the IJ denied Petitioner's request for bond and issued a written decision setting forth the reasons for denying Petitioner's request for bond. (*See generally id.*) The IJ held that Petitioner "failed to show that he poses no threat of danger to the community" and stated that the evidence "clearly shows that [Petitioner] presents a danger to the community" (*Id.* at 4.) Accordingly, the IJ held that Petitioner "failed to prove that he merits a favorable decision regarding his request for a change in his custody status." (*Id.*) Petitioner appealed the IJ's decision to the BIA, and, on January 19, 2016, the BIA affirmed, without opinion, the IJ's bond determination. (*See id.* at 2.)

As noted above, Petitioner filed the instant Petition on February 29, 2016. His Petition

---

[1] The facts provided in the letter response are taken from the bond redetermination decision by the Immigration judge, which was issued on November 18, 2015 and is attached to the response as Exhibit A.

2

does not reference the bond hearing held on November 18, 2015, and he has not filed a reply addressing the Respondent's argument his Petition should be denied because he has already received a bond hearing.

### III. <u>ANALYSIS</u>

In its letter response, Respondent has represented that Petitioner was subject to pre-final order of removal detention pursuant to INA § 236(a) when he was taken into custody by DHS/ICE in July 2015.[2] The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
>
> (B) conditional parole;...

---

[2] The court notes that Respondent's letter response focuses on Petitioner's status at the time he was first apprehended by DHS/ICE, and Respondent did not submit a certification or otherwise state the statutory authority for Petitioner's <u>current</u> detention. Nor does Petitioner clearly articulate the statutory basis for his detention. Thus, it is not entirely clear whether Petitioner is currently detained under § 1226 or § 1231. If Petitioner has become subject to a final order of removal pursuant to 8 U.S.C. §1231, his detention would be governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). In his Petition, however, Petitioner has not argued that he has been detained subject to a final order of removal for more than six months or provided reason for the Court to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. As such, he would not be entitled to relief under *Zadvydas* at this time.

8 U.S.C. § 1226(a). As explained by the Third Circuit in *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009) (per curiam),

> Unlike the mandatory detention statute at issue in [*Demore v.*] *Kim*, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236(d)(1).

*Id.*

Here, it appears from the record submitted by Respondent that Petitioner is detained subject to 8 U.S.C. § 1226(a) and has received a full hearing on the question of release on bond. Following Petitioner's hearing on November 18, 2015, the IJ found that Petitioner clearly presents a "serious threat of danger to the community," (Exh. A at 4), and the BIA upheld IJ's determination. As such, bond was denied, as was his appeal, and it does not appear that Petitioner has moved for a second bond redetermination at the administrative level, pursuant to 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."); *see also Nepomueceno v. Holder*, No. 11–6825, 2012 WL 715266, at *4 (D.N.J. Mar.5, 2012) (Martini, J.) (dismissing habeas petition of 1226(a) detainee who had received bond hearing).[3]

---

[3] Notably, an IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." *Khabibov v. Oscar Aviles*, No. CIV. 15-1298 KM, 2015 WL 3492512, at *4–5 (D.N.J. June 2, 2015) (citing 8 C.F.R. § 1003.19(e)). The alien may appeal the IJ's bond decision to the BIA. *Id.* (citing 8 C.F.R. § 236.1(d)(3). As noted above, Petitioner has not submitted a reply to the Respondent's Answer, and therefore it is not clear whether he sought a subsequent bond redetermination pursuant to 8 C.F.R. § 1003.19(e). To the extent there are changed circumstances warranting a second bond hearing, the proper procedure would be to seek a redetermination from the IJ. *See Khabibov*, 2015 WL 3492512, at *3 (explaining same).

Here, Petitioner has been given the only relief that this Court could enter at this time, *i.e.*, a bond hearing, which took place before an IJ on November 18, 2015. His Petition does not allege that bond hearing was anything less than a *bona fide* hearing; indeed, the Petition curiously omits any reference to the November 18, 2015 bond hearing.

To the extent Petitioner is implicitly asking this Court to overrule the IJ's decision denying him bond, "[t]his Court, does not have the power to second guess the discretionary decision of the IJ to deny [Petitioner's] release on bond." *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *4 (D.N.J. Jan. 5, 2016) (McNulty, J.) (denying habeas petition as moot because petitioner was afforded a *bona fide* bond hearing) (citing 8 U.S.C. § 1226(e)) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole."); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (McNulty, J.) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted).

In sum, Petitioner has already received a bond hearing and has not provided any facts to

suggest that the hearing was not *bona fide*. As such, the Court has no power to order any additional relief and will deny the habeas petition without prejudice at this time. *See Pena*, 2016 WL 74410, at *2 (explaining same).

## IV. <u>CONCLUSION</u>

The Court will deny without prejudice Petitioner's request for habeas relief as he has already received the only relief that this Court could provide at this time, *i.e.*, a bond hearing before the IJ. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: _____, 2016